IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DR. MAY FRANCIS BRIDGES**                                          **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 3:15CV-917-WHB-JCG**

**JACKSON STATE UNIVERSITY**                                **DEFENDANT**

**AMENDED COMPLAINT**
**(Jury Trial Demanded)**

**COMES NOW**, Plaintiff Dr. May Francis Bridges, by and through her undersigned counsel, and files this civil action for equitable relief and for damages for discrimination on the basis of her gender and in retaliation for complaining about gender discrimination in violation of her rights secured by the United States Constitution as enforced by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq., and 42 U.S.C. § 1983.

**I.**

**JURISDICTION AND VENUE**

1.  This court has jurisdiction over the claims in this case pursuant to 28 U.S.C. §§ 1331. Venue is proper under Title 28 U.S.C. §§ 1391 (b). The Plaintiff also invokes the pendent jurisdiction of this court to address all issues arising under state law.

**II.**

**PARTIES**

2.  Plaintiff, Dr. May Francis Bridges, is an adult citizen of the United States, residing in Jackson, Mississippi.

3. Dr. Walter Brown is the Executive Director of the Executive Ph.D. program at Jackson State University. Dr. Brown may be served with process of this court at his office at Jackson State University, 1400 Lynch Street, Jackson, Mississippi. Dr. Brown is being sued in his individual capacity only.

4. Dr. Daniel Watkins is the Dean of the College of Education and Human Development. Dr. Watkins may be served with process of this Court at his office at Jackson State University, 1400 Lynch Street, Jackson, Mississippi. Dr. Watkins is being sued in his individual capacity.

5. Jackson State University is a subdivision of the State of Mississippi and may be served with process upon Attorney General Jim Hood, 550 High Street, Walter Sillers Building, Jackson, MS 39201.

## III.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. All conditions precedent to jurisdiction pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, as amended, have been complied with by the Plaintiff to wit: Appropriate charge of employment discrimination has been filed with the Equal Employment Opportunity Commission, and Notification of Right to Sue was received by the Plaintiff from the Equal Employment Opportunity Commission on September 28, 2015. (*See,* Exhibit 1).

7. Plaintiff filed a timely complaint based on the time limits contained in § 706 of Title VII of the Civil Rights Act of 1964, as amended.

## IV.

## STATEMENT OF THE FACTS

8.      On February 16, 2015, Dr. Brown changed Dr. Bridges' job title from Assistant Director of the Executive Ph.D. program and the Jake Ayers Institute for Research. Before the change in Dr. Bridges' title, she was classified at the level of Management-4. In that position, Dr. Bridges could earn $59,384.00 to $95,000.00 a year.  When Dr. Bridges became the enrollment and recruitment manager, she was classified as a Professional-4 a position in which she could earn between $48,209.00 to $77,134.00 annually.  While Dr. Bridges' salary was not reduced as a result of the change in title, her new title is less prestigious than her title as Assistant Director of the Executive Ph.D. program and is viewed as a demotion by Dr. Bridges and her colleagues.

9.      At all times complained of herein, Dr. Bridges, who is a female, was qualified for the position of  Assistant Director of the Executive Ph.D. program.  The position remains unfilled and upon information and belief, JSU has treated similarly situated male more favorably than Dr. Bridges.

10.     Dr. Brown's decision to change Dr. Bridges' job title came four months after Dr. Brown penned an e-mail to Dr. Daniel Watkins, Dean of the College of Education, stating "I was informed the (sic) she went to the Provost Office earlier this year without my knowledge to complaint about her "**unequal treatment**" in my area.  In addition, faculty members have come to me after she has complained to them about her status as an employee.  She has her right to discuss any issue with whom she pleases.  However, I am just setting the record straight based on the accusations made in writing."

11.     At all times complained of herein, Dr. Bridges engaged in protected activity when she complained about discrimination in the Executive Ph.D. program at Jackson State

3

University.  Dr. Bridges suffered an adverse employment action, namely negative evaualations and a demotion, both of which would dissuade a reasonable worker from making or supporting a charge of discrimination.

12.  In November of 2013, Dr. Bridges filed a complaint with Jackson State University's EEO officer alleging that she had been discriminated against "with respect to your position as Assistant Program Director for the Executive PhD program in the College of Education and Human Development.  Dr. Bridges complained that she had not received opportunities for pay increases nor had she been afforded the same opportunities for advancement received by her male colleagues.  On May 21, 2014, JSU's Chief Diversity and EEO officer informed Dr. Bridges that his office was unable to proceed further with her complaint and told her  "[y]ou may elect to pursue a staff grievance, which process is outlined in the 2011 Staff Handbook."

13.  On May 21, 2015, Dr. Brown gave Dr. Bridges a negative evaluation, seven months after he complained to Dean Watkins about Dr. Bridges complaining about "unequal treatment" in his area.

14.  From November 2013 to the present, Dr. Bridges aired her complaints of gender discrimination and retaliation with JSU's EEO officer, Dr. James Renick, the Vice-President and Provost and Dr. Watkins to no avail.  Rather, instead of taking swift remedial action to end the sex discrimination and retaliation, all of Dr. Bridges complaints have fallen on death ears and she continues to work in a hostile work environment because of her sex and in retaliation for speaking out about gender discrimination.

IV.

## CAUSE OF ACTION

15. The Defendant, Jackson State University denied Dr. May Francis Bridges equal employment opportunities insofar as it denied her the same terms and conditions of employment afforded male employees, assigned her less favorable job assignments, paid her less than males, required her to perform the duties that should have been performed by her male colleagues less skill, and denied Dr. Bridges opportunities to earn more money, on the basis of her sex and in retaliation for complaining about discrimination in violation of Title VII Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et. seq., and 42 U.S.C. § 1983.

V.

## CLAIMS FOR RELIEF

**WHEREFORE, PURUSANT TO** Title 42 U.S.C. § 1981(a), Dr. May Francis Bridges respectfully demands a trial by jury and prays for a Judgment against the Defendant as follows:

a. Actual, compensatory and Incidental Damages in the amount to determined by a jury for the embarrassment, humiliation, mental anguish and severe emotional distress, and loss of employment opportunities she suffered as a direct and proximate result of the conduct of the Defendants described hereinabove.;

b. Compensatory damages in the form of reduced wage earning capacity, emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses as permitted by Section(s) 102 (b) (3) of the Civil Rights Act of 1991;

c.    Attorney's fees pursuant to Title 42 U.S.C. § 1988 and any and all costs associated with this lawsuit.

d.    Defendant actions set forth hereinabove constitute a willful wanton and reckless disregard for the rights of Dr. May Francis Bridges to be free from discrimination and retaliation in employment. Dr. May Francis Bridges is further entitled to recover liquidated and punitive damages pursuant to Title 42 U.S.C. § 1981 a(b)(1) in an amount to be set by the tier of fact.

e.    Plaintiff also seeks such other and further relief as the Court and Jury may deem just and proper under the circumstances as hereinabove set forth.

f.    Punitive damages against Dr. Walter Brown and Dr. Daniel Watkins in their individual capacities.

**RESPECTFULLY SUBMITTED** this, the _____ day of May, 2016.

          **DR. MAY FRANCIS BRIDGES**

By: _____
Lisa M. Ross (MSB#9755)
Post Office Box 11264
Jackson, MS 39283-1264
(601) 981-7900 (telephone)
(601) 981-7917 (facsimile)

# EXHIBIT A