```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION


MAY FRANCIS BRIDGES                                      PLAINTIFF


VS.                          CIVIL ACTION NO. 3:15-cv-917-WHB-JCG


JACKSON STATE UNIVERSITY                                 DEFENDANT
```

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant to Dismiss, which is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In response, Plaintiff has requested leave to amend her Complaint. Having considered the pleadings as well as supporting and opposing authorities, the Court finds Plaintiff's Motion to Amend should be granted. The Court additionally finds that as Plaintiff will be granted leave to amend her Complaint, the Motion of Defendant to Dismiss the original Complaint should be denied, without prejudice, as moot.

### I. Factual Background and Procedural History

In 2003, Mary Francis Bridges ("Bridges") was hired by Jackson State University ("JSU") as the Pre-Planning Coordinator for the Executive Ph.D. Program in Urban Higher Education ("Program"), and was later named Assistant Director for that program. In 2009, Bridges applied for the position of Executive Director of the Program along with several other candidates including Dr. Walter A.

Brown ("Brown"), who was then serving in that position in an interim capacity. Brown was selected to fill the position of Executive Director, and began serving in that role in January of 2010.

According to Bridges, soon after Brown became Executive Director, he began to retaliate against her based on her having applied for that same position. The alleged acts of retaliation against Bridges included: placing a limit on her recruitment-related travel, assigning her additional duties, giving her inferior office space, and refusing to give her additional administrative titles.

In 2013, Bridges complained of gender-based discrimination to the administration of JSU and the EEOC. Specifically, Bridges claimed she was being paid less than her male counterparts. According to the pleadings, "no cause" was found with respect to this charge because Bridges did not have any comparators. See Compl., Ex. B. Thereafter, Bridges claims that in "mid 2014" she was given the lowest evaluation she ever received while working at JSU, and in February 2015, Brown changed her job title from "Assistant Director" to "Enrollment and Recruitment Manager." The change in title did not affect Bridges's salary, job duties, or work hours.

On May 26, 2015, Bridges again filed a Charge of Discrimination with the EEOC claiming she had been discriminated

against on the bases of gender and in retaliation for having previously complained of discrimination. After the EEOC issued its Dismissal and Notice of Rights, Bridges filed suit against JSU in this Court alleging claims of gender-based discrimination and retaliation in violation of Title VII of the Civil Rights Act, codified at 42 U.S.C. § 2000e, *et seq.*[1] In response, JSU filed the subject Motion seeking dismissal of Bridges's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

While the Motion to Dismiss was pending, Bridges moved for the withdrawal of her attorneys of record. See [Docket No. 12]. On review, Bridges's Motion to Withdraw was taken under advisement by United States Magistrate Judge John C. Gargiulo. See Text Only Order of Feb. 23, 2016. Bridges's Motion was again taken up by Judge Gargiulo who, on March 30, 2016, granted the Motion to Withdraw, granted Bridges an additional thirty days to obtain counsel, and advised Bridges that if new counsel had not made a written appearance within the thirty-day period, the Court would presume that she would be representing herself in this civil action. See Order [Docket No. 15]. On April 29, 2016, attorney Lisa Ross entered a written Notice of Appearance on Bridges's behalf. Based on the appearance of new counsel, the Court granted Bridges an opportunity to supplement the Response she previously

---

[1] As Bridges has alleged claims arising under federal law, the Court may exercise federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331.

3

filed to the Motion to Dismiss to ensure that she was fully heard on the issues raised in that Motion.  See Order [Docket No. 19]. Bridges timely responded by filing a Motion to Amend Complaint. See [Docket No. 20].  The Court now considers both the Motion to Amend and the Motion to Dismiss.

## II.  Discussion

**A.   Motion to Amend**

Bridges's Motion for Leave to Amend is governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides, in part: "the court should freely give leave when justice so requires."  See e.g. Price v. Pinnacle Brands, Inc., 138 F.3d 602, 607-08 (5th Cir. 1998)(finding that Rule 15(a) "evinces a bias in favor of granting leave to amend.").  See also Goldstein v. MCI WorldCom, 340 F.3d 238, 254 (5th Cir. 2003)(explaining that "a district court's discretion to deny a litigant leave to amend under [Rule 15(a)] ... is limited because Rule 15 evinces a bias in favor of granting leave to amend.").  When deciding a motion to amend under Rule 15, the Court considers various factors including: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993)(citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Considering the applicable factors, the Court finds there was no undue delay with respect to the filing the subject Motion for Leave to Amend as (1) it was filed less than five months after the initial Complaint was filed, (2) Bridges was not represented by counsel for sixty days during that five-month period, (3) it was filed less than one month after new counsel made an appearance on Bridges's behalf, and (4) it was filed before any Case Management deadlines expired.  Next, the Court finds there has been no showing of bad faith or dilatory motive on Bridges's part as the Motion to Amend was filed after she obtained new counsel and, as this is her first Motion to Amend, there has been no showing that prior amendments failed to cure existing pleading deficiencies.  Third, the Court finds there has been no showing that JSU will be unduly prejudiced if the proposed amendment is permitted.  Finally, the Court finds the Motion for Leave to Amend should not be denied on the basis of futility.

In response to the Motion to Amend, JSU argues that the Motion to Amend should be denied on the bases that the proposed amended complaint (1) fails to articulate the occurrence of an adverse employment action, (2) fails to articulate the occurrence of gender-based disparate treatment, (3) fails to articulate a cognizable claim of retaliation, and (4) does not state the violation of any constitutional right as is required to maintain a claim under 42 U.S.C. § 1983.  <u>See</u> Resp. to Mot. to Amend [Docket

No. 21]. After reviewing the allegations in the proposed amended complaint, the Court finds the more proper course in this case would be to test those allegations/claims through a dispositive motion as opposed to denying Bridges the ability to allege them at all through an amended complaint. See e.g. Foman, 371 U.S. at 182 ("[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

Thus, having reviewed the pleadings, Bridges's proposed amended complaint, and the applicable Rule 15(a) factors, the Court finds no substantial reason for denying the Motion for Leave to Amend.  Absent a substantial reason, the Court finds Bridges's Motion for Leave to Amend should be granted.  See Lyn-Lea Travel Corp. v. American Airlines, Inc., 283 F.3d 282, 286 (5th Cir. 2002) ("The district court must have a 'substantial reason' to deny a request for leave to amend."). As Bridges will be granted leave to amend her complaint, the Court finds the Motion of JSU to Dismiss the original Complaint should be denied, without prejudice, as moot.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to Amend Complaint [Docket No. 20] is hereby granted.  Plaintiff is

hereby granted seven days from the date on which this Opinion and Order is entered in which to file her Amended Complaint.

IT IS FURTHER ORDERED that the Motion of Defendant to Dismiss [Docket No. 4] is hereby denied, without prejudice, as moot.

SO ORDERED this the 22nd day of June, 2016.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE
